IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:02-CR-80-H
No. 5:13-CV-463-H

JAMES SCOTT ROBINSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss [D.E. #116] in response to petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. #109]. Petitioner has filed a response [D.E. ##126-27], and the government has filed a reply, [D.E. #130]. This matter is ripe for adjudication.

## BACKGROUND

On January 14, 2004, petitioner was found guilty after trial on nineteen counts[1] set forth in an indictment charging him with conspiracy, armed bank robbery, firearms and Hobbs Act offenses committed while he was fifteen and sixteen years old. [D.E. #73]. On May 4, 2004, this court sentenced petitioner to an aggregate term of imprisonment of 384 months. [D.E. #79]. Petitioner and the government each filed a notice of appeal. [D.E. ## 80, 81]. On appeal to the United States Court of

---

[1] The court dismissed Count 4 of the indictment upon motion of the government. [Unnumbered Docket Entry, January 14, 2004].

Appeals for the Fourth Circuit, petitioner's convictions were affirmed, but his sentence was reversed. [D.E. #89]. The case was remanded, and petitioner was resentenced to a term of imprisonment of 193 years. [D.E. #97]. Petitioner again filed a notice of appeal, and the Court of Appeals affirmed this court's judgment on November 3, 2006. [D.E. ##98, 104]. The Court of Appeals issued its mandate regarding final judgment as to petitioner on November 30, 2006. [D.E. ##105-06]. On June 25, 2013, petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he claims his sentence violates the Eighth Amendment. [D.E. #109].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

2

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's 28 U.S.C. § 2255 motion was not filed within one year of his judgment becoming final. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1). Petitioner contends, however, that the recent decision by the United States Supreme Court, Miller v. Alabama, 132 S.Ct. 2455 (2012), provides a sufficient basis to extend the limitations period pursuant to 28 U.S.C. § 2255(f)(3)-(4). Although Miller is a Supreme Court decision, it was not made retroactively applicable, Johnson v. Ponton, 780 F.3d 219, 226 (4th Cir. 2015), and is therefore insufficient to support an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3). Furthermore, a subsequent change in legal precedent does not qualify as a new "fact" for purposes of a defendant's motion to vacate. Whiteside, 775 F.3d at 183-84. Lastly, futility alone due to unfavorable precedent cannot serve as cause for a procedural default or justify equitable tolling. Id. at 185. Consequently, petitioner has not alleged sufficient facts to warrant an extension of the limitations period pursuant

3

to 28 U.S.C. § 2255(f)(3)-(4) or justify equitable tolling. Petitioner's 28 U.S.C. § 2255 motion is untimely and is therefore DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #116] is GRANTED, petitioner's section 2255 motion [D.E. #109] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist may find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is GRANTED.

This 30TH day of June 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

4